## WILLIAM T. WALTERS and CHARLES HARVEY, *vs.* JOHN H. MUNROE.

A deed of trust by the maker, to secure the endorser upon certain notes described in it, cannot be used as evidence that such endorser authorized or sanctioned the use of his name, by the maker, on *other notes not described in the deed*, nor identified by any declarations of the endorser.

Where there is no evidence that the endorser had notice that his name had been endorsed by the maker, upon the notes sued on, *until after such notes became due*, he cannot be said to have authorized the endorsements.

An endorser cannot be held liable upon paper on which his name has been *forged*, merely because he may have paid *other notes* forged by the same person, without objection.

To enable a holder to recover against an endorser, he must prove that the signature of the defendant, as endorser, was genuine, or that his name was endorsed by his authority, or that the endorsement received his sanction or approbation, after it was placed on the note.

APPEAL from the Circuit Court for Prince George's county.

*Action,* brought on the 18th of December 1857, by the appellants, as holders, against the appellee, as endorser, of two promissory notes drawn by George W. Harrison, in favor of the defendant, and purporting to be by him endorsed. The defendant pleaded that he did not promise, as alleged.

A commission was issued to Alexandria, Va., under which the same witnesses were examined, and the same testimony taken and returned, as stated in the preceding case of *Whiteford vs. Munroe,* and the deed of trust from Harrison to Funsten, offered in evidence in this case, is the same as stated in that case. At the trial, three exceptions were taken to the rulings of the court below, (CRAIN, J.,) the first of which is fully stated in the opinion of this court.

*2nd Exception.* After the evidence in the preceding exception, made part of this, the plaintiffs proved, by a competent witness, that the defendant had stated on frequent occasions, and once upon oath, in his examination as a witness in court at Alexandria, Va., that he had procured the execution of the deed from Harrison to Funsten. The plaintiffs then offered in evidence the proof taken under the commission issued and returned in this case, and asked the court to instruct the jury

that if they should believe, from the evidence, that the defendant had notice that his name had been placed on various notes by the drawer, Harrison, previous to and about the time of the date of the notes sued on, without objection to them, that he thereby virtually authorized the endorsement of his name upon these notes now sued on, and made said endorsements his own. The court refused to grant this prayer, and to this ruling the plaintiffs excepted.

*3rd Exception.* After the evidence in the preceding exceptions, made part of this, the plaintiffs asked the court to instruct the jury that if they find, from the evidence, that other notes were issued by said Harrison about the same time as the dates of the notes now in controversy, with the name of the defendant signed as maker or endorser thereon, which name upon said notes were forgeries, and that the defendant, with the knowledge that his name had been forged by Harrison upon said notes, recognized and paid them, then that the payment by said defendant of said notes, and other recognition by him, is a fact from which the jury may find for the plaintiffs in this case.

The court rejected this prayer of the plaintiffs, but instructed the jury that before they can find a verdict against the defendant, they must find, from the evidence in this cause, that the signature of the defendant, as endorser of said notes, was genuine, or that the same was endorsed on the notes by his authority, or that the said endorsements received his sanction or approbation after it was placed on said notes.

To which refusal to grant their instruction as prayed, to the instruction as given by the court, the plaintiffs excepted, and the verdict and judgment being against them, appealed.

The cause was argued before LE GRAND, C. J., TUCK, BARTOL and GOLDSBOROUGH, J.

*C. C. Magruder* and *Thos. G. Pratt,* argued, upon the same authorities cited by them in the preceding case, that the rulings of the court below in the present case were erroneous:

1st. Because the deed, taken in connection with the other

proof offered to the jury, tended to establish the liability of the defendant as endorser upon the notes in controversy, and that he had authorized and sanctioned the use of his name by Harrison in putting them in circulation.

2nd. Because it was competent for the jury in this case to have found a verdict for the plaintiffs, if they believed, from the evidence, that the defendant had recognized and paid various other notes issued by Harrison about that time, and before and after the issuing of the notes in controversy, with the name of the defendant thereon endorsed, not in his hand-writing, but in that of Harrison.

*Thos. F. Bowie*, for the appellee:

This suit is against Munroe, as endorser, and there is stronger reason for saying that the deed was inadmissible in this case, than in the preceding one of *Whiteford vs. Munroe;* for there is no pretence, and no ground for saying, that the notes now sued on, are embraced in the deed. It is submitted that the rulings in this case should be affirmed, for the same reasons urged in reference to corresponding points in that case.

GOLDSBOROUGH, J., delivered the opinion of this court:

This was an action instituted in the circuit court for Prince George's county, by the appellants against the appellee, as endorser on two promissory notes, one for $352.96, dated the 15th of September 1857, payable sixty days after date, and the other for $356.53, dated the 29th of May 1857, payable six months after date.

The appellee pleaded that he did not promise as alleged, and issue was joined on this plea.

At the instance of the parties, a commission to take testimony was issued to two commissioners in Alexandria, Va., who executed the same, and returned their commission and testimony taken by them to the circuit court for Prince George's county.

At the trial of the cause, the appellants, to maintain the issues on their part, proved that they constituted the firm of

William T. Walters & Co.; they further proved that when the said notes sued on became due and payable, the same were properly presented for payment, and being unpaid, due and proper notice of demand and non-payment was given to the appellee. The appellants then proved that the signatures of George W. Harrison to said notes are in his proper handwriting, and that the signatures of Munroe, on the back of said notes, are also in the handwriting of said Harrison. The appellants then offered in evidence the proof taken under the commission, except the testimony of James M. Benton, to whom, as a competent witness, they excepted. The appellants then proved that the appellee had stated, on frequent occasions, and once on oath, in his examination as a witness in court, at Alexandria, Va., that he had procured the execution of the deed from Harrison to Funsten. This deed and the testimony taken under the commission, are set out at large in the case of *Whiteford vs. Munroe*, decided at this term, (*ante* 135.)

The appellee objected to the admissibility of the deed, and the court sustained the objection, and refused to allow it to be read to the jury, and the appellants excepted. We think the court acted properly.

The notes in controversy are not described in the deed, nor are they identified by any of the declarations of the appellee. And it could not be relied upon as evidence that Munroe had authorized or sanctioned the use of his name by Harrison, as now contended for in argument. The prayer in the second exception was properly rejected.

There is no evidence that Munroe had notice that his name had been used by Harrison, until after these notes became due, and consequently he cannot be said to have authorized the endorsements, even if notice could render him liable to a party who received the notes without knowledge of such implied authority; which point, however, we do not decide.

The plaintiffs' prayer in the third exception was properly rejected, for the reasons assigned by us in disposing of the eighth exception in the case of *Whiteford vs. Munroe, ante* 149.

20    v.17

We approve of the court's instruction in the third exception. It put the appellant's case to the jury upon the only hypothesis to which he was entitled.

*Judgment affirmed.*

